Metro Health Prods., Inc. v MVAIC (2022 NY Slip Op 50588(U))

[*1]

Metro Health Prods., Inc. v MVAIC

2022 NY Slip Op 50588(U) [75 Misc 3d 139(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-775 K C

Metro Health Products, Inc., as Assignee of
Melendez, Angel, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall (Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered November 22, 2019. The judgment, after a nonjury trial, awarded plaintiff
the principal sum of $3,451.17.

ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
After a nonjury trial in this action by a provider to recover assigned first-party no-fault
benefits, the Civil Court awarded judgment to plaintiff against defendant Motor Vehicle
Accident Indemnification Corporation (sued herein as MVAIC) in the principal sum of
$3,451.17.
At the outset of the trial, it was noted that, by a prior order, the issue for trial would be
limited (see CPLR 3212 [g]) to whether the applicant had reasonable justification for
failing to timely submit a notice of claim (see Insurance Law § 5208 [b] [1]) or
whether the applicant had obtained leave of court to permit it to be filed late (see
Insurance Law § 5208 [b] [2]). Plaintiff called no witnesses and made no attempt to
establish either a reasonable justification for failing to timely submit a notice of claim or that the
applicant had obtained leave to of court to permit it to be filed late.
"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim
is a condition precedent to the right to apply for payment from [MVAIC]. Compliance with the
statutory requirement of timely filing a notice of claim must be established in order to
demonstrate that the claimant is a covered person, within the meaning of the statute, entitled to
recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53
Misc 3d [*2]142[A], 2016 NY Slip Op 51535[U], *1 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2016] [internal quotation marks and citation omitted];
see Insurance Law §§ 5208 [a] [1], [3]; 5221 [b] [2]). As plaintiff did not
establish that it was not reasonably possible to file a notice of claim within a timely manner
(see Insurance Law § 5208 [b] [1]) or that leave of court had been obtained to
permit the notice of claim to be filed late (see Insurance Law § 5208 [b] [2]),
plaintiff failed to establish its prima facie case (see Insurance Law §§ 5202 [b];
5208, 5221 [b] [2]). In light of the foregoing, we reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of defendant dismissing the complaint.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022